IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-479 (Lopez) |

O R D E R

Plaintiff Tina Lopez alleges that she suffered injuries that were proximately caused by defects in Defendant Mentor Worldwide LLC's suburethral sling product, ObTape Transobturator Tape. Lopez also asserts that she suffered injuries because Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment because Lopez did not disclose a specific causation expert to opine that Lopez's injuries were caused by defects in ObTape or a failure to warn. See Lewis Decl. ¶ 2, ECF No. 32-3 in 4:13-cv-479 ("Plaintiff Tina Lopez has not designated any expert witnesses nor provided any expert reports by the applicable discovery deadline[.]").

Once Mentor showed that Lopez could not produce admissible evidence to establish specific causation, Lopez had the burden to point to some evidence to create a genuine fact dispute on specific causation. See Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support

the assertion by citing to particular parts of materials in the record[.]"). Lopez did not respond to Mentor's summary judgment motion. Thus, she did not point to any evidence to establish specific causation. Without such evidence, all of Lopez's claims fail. *See, e.g., Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 881 (10th Cir. 2005) (noting that in a medical device case, "plaintiffs must show both general and specific causation").[1] Mentor's summary judgment motion (ECF No. 32 in 4:13-cv-479) is therefore granted.

IT IS SO ORDERED, this 2nd day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Lopez was a New Mexico resident when she filed her Complaint, and all of her ObTape-related treatment occurred in Colorado. Regardless of which state's law applies, Lopez must prove causation to prevail on her claims.